IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDRA I. JACKSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-CV-2677-S-BW |
| | § | |
| SMALL BUSINESS | § | |
| ADMINISTRATION, et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Original Petition, filed on December 4, 2023.

(Dkt. No. 2.)  Based on the relevant filings and applicable law, the Court should

**DISMISS** this action for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

## I.  BACKGROUND

Plaintiff Lindra I. Jackson filed this pro se action against the United States, the

United States Small Business Administration ("SBA") and its Administrator, Rapid

Financial Services, LLC ("Rapid Financial"), Rocket Mortgage, LLC ("Rocket

Mortgage"), Quicken Loans, and Rocket Companies, Inc. ("Rocket Companies") in

connection with the SBA's denial of an economic injury disaster loan ("EIDL") for

her business.  (*See id.* at 2.)  According to Jackson, Defendant Rapid Financial is "the

chosen third party contractor granted the government contract to be the COVID

EIDL loan processor to assist with the large volume of loan requests" and is an

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full
case management.  By Special Order No. 3-354, it was transferred and reassigned to the
undersigned on August 23, 2024.  (*See* Dkt. No. 7.)

affiliate of Defendant Rocket Mortgage; Defendant Rocket Mortgage and Defendant Quicken Loans are subsidiaries of Defendant Rocket Companies, and each of these Defendants appears to be sued in the aforementioned capacities. (*Id.* at 3-4.) Jackson is "unaware" of Defendants Rapid Financial, Rocket Mortgage, Quicken Loans, and Rocket Companies's "level of involvement in her loan processing." (*Id.*)

Jackson is the sole owner of LJ Professional and Financial Services, LLC ("LJPFS"), a business registered in Texas. (*See id.* at 2.) In 2020, Jackson applied to the SBA on behalf of LJPFS for an EIDL based on the COVID-19 pandemic. (*See id.* at 5.) The SBA denied the application on April 18, 2020 "due to 'unsatisfactory credit history.'" (*Id.*) The SBA continued to deny the EIDL application for LJPFS following Jackson's subsequent requests for reconsideration, appeals, and new applications. (*See id.* at 5-6.) Jackson now brings claims against the various Defendants stemming from the denial of an EIDL under the Federal Torts Claims Act ("FTCA"), the Equal Credit Opportunity Act ("ECOA"), the Administrative Procedure Act ("APA"), and 42 U.S.C. § 1981.[2] (*See id.* at 2-4.) She seeks monetary damages and declaratory and equitable relief. (*See id.* at 2, 15-16, 18.)

---

[2] Jackson filed a prior action in this Court against the SBA and its Administrator and the United States under the APA, the FTCA, and the Declaratory Judgment Act in connection with the same denials of an EIDL for LJPFS. *See Jackson v. Small Bus. Admin.*, No. 3:22-CV-986-S-BH, 2022 WL 18456351 (N.D. Tex. Dec. 16, 2022), *rec. adopted*, 2023 WL 375351 (N.D. Tex. Jan. 24, 2023). That action was dismissed for lack of subject matter jurisdiction. *See id.*

2

## II.  PRELIMINARY SCREENING

Because Jackson has been granted leave to proceed in forma pauperis, her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2).  Section 1915(e)(2) provides for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it "is frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke*, 490 U.S. at 325.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Mere "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted.  *Id.* at 555. The same analysis for determining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies to determine whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii).  *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011).

## III.  ANALYSIS

The Court must always liberally construe pleadings filed by pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this liberal

construction, however, Jackson's complaint fails to state a viable legal claim on which relief may be granted.

"Standing jurisprudence contains two strands: Article III [or constitutional] standing, which enforces the Constitution's case-or-controversy requirement, and prudential standing, which embodies judicially self-imposed limits on the exercise of federal jurisdiction." *Pelletier v. Victoria Air Conditioning, Ltd.*, 780 F. App'x 136, 139 (5th Cir. 2019) (citation and internal quotation marks omitted). "One principle of prudential standing requires 'that a plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (quoting *United States v. Johnson*, 632 F.3d 912, 919-20 (5th Cir. 2011)). A complaint that lacks prudential standing is properly dismissed for failure to state a claim. *Pelletier*, 780 F. App'x at 139.

Here, Jackson expressly states—and her allegations show—that she "is suing for the Defendants' mishandling of *the business's application* for federal emergency aid," namely an EIDL, which denial Jackson alleges resulted in injury to her personally. (Dkt. No. 2 at 2 (emphasis added).) In relevant part, the SBA is authorized by statute to issue EIDLs only to a "small business concern, private nonprofit organization, or small agricultural cooperative[.]" 15 U.S.C. § 636(b)(2). There is no such statutory authority for the SBA to issue EIDLs to individual business owners such as Jackson. As such, the only EIDL applicant in this action is LJPFS, and any actionable claims or injuries relating to and arising from the denial

4

of a COVID-19 EIDL belong to LJPFS, not Jackson individually.  *See, e.g.*, *Huang v. Small Business Admin.*, No. 22-CV-03363-BLF, 2022 WL 3111809, at *1 (N.D. Cal. Aug. 4, 2022); *see also Jackson*, 2022 WL 18456351, at *9 n.5 (noting Jackson's apparent lack of prudential standing and citing *Huang*, 2022 WL 3111809, at *1-2).

Jackson cannot adopt the alleged violations against and injuries to LJPFS as her own, and she fails to allege any direct injury she suffered independent of LJPFS's alleged injuries.[3]  *See L & F Homes & Dev., L.L.C. v. City of Gulfport*, 538 F. App'x 395, 408 (5th Cir. 2013) (holding that a member of an LLC lacked standing to sue a third party for economic harm allegedly incurred by the LLC because a "stockholder in a corporation does not have standing to bring suit in his own name for injuries sustained by the corporation. . . . This is true even where that individual is the sole shareholder of a corporation.").  Defendants' alleged actions affected LJPFS as an LLC, and LJPFS is the only real party in interest who is entitled to enforce the rights allegedly at issue in this action.  Jackson—the only Plaintiff in this case—therefore fails to state a claim upon which relief may be granted.  Accordingly, the Court should dismiss the complaint for failure to state a claim.

---

[3]  For instance, Jackson alleges economic injury and various aspects of emotional injuries, including insomnia, irregular sleep patterns, mood swings, irritability, depression, feelings of worthlessness, and suicidal thoughts.  Each of these alleged injuries indirectly stems from and is derivative of the alleged harm to LJPFS, and they do not save the complaint.  *See, e.g.*, *Van Deelen v. Jones*, No. 4:23-CV-03729-AM, 2024 WL 3852349, at *9-10 (S.D. Tex. Aug. 16, 2024).

## IV.  OPPORTUNITY TO AMEND

Although a pro se plaintiff ordinarily should be granted leave to amend the complaint before dismissal, leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  The facts and claims alleged by Jackson demonstrate that she cannot state a claim upon which relief may be granted because LJPFS is the real party in interest as the EIDL applicant whose application, and the denial thereof, constitutes the basis the claims asserted.[4] Jackson's deficiency does not appear to be curable by amendment.  The Court therefore concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## V.  RECOMMENDATION

The Court should **DISMISS** this action for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on March 5, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

---

[4] Even if LJPFS were named as a plaintiff in this action—which it is not—it could neither represent itself pro se nor be represented by Jackson, a non-lawyer. *See, e.g., Travis v. Hall Tires and Collection, LLC*, No. 3:23CV209-MPM-RP, 2023 WL 6055499, at *1 (N.D. Miss. Sept. 15, 2023) ("[A] limited liability company may not represent itself of have an owner or officer represent it in federal court unless that person is a licensed attorney.").

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).